LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

VICTOR BRAVO and JUAN CARLOS PADILLA,
*on behalf of themselves,
FLSA Collective Plaintiffs
and the Class,*

        Plaintiffs,

v.

YOU MAKE ME FEEL LLC,
    d/b/a SEXY TACO/DIRTY CASH,
COUNTER CULTURE HOSPITALITY GROUP LLC,
    d/b/a RUBY'S VINTAGE,
and BRIAN K. WASHINGTON PALMER,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs, VICTOR BRAVO and JUAN CARLOS PADILLA ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this Class and Collective Action Complaint against YOU MAKE ME FEEL LLC d/b/a SEXY TACO/DIRTY CASH and COUNTER CULTURE HOSPITALITY GROUP LLC d/b/a RUBY'S VINTAGE (the "Corporate Defendants") and BRIAN K. WASHINGTON PALMER (the "Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime premium, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime premium, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, VICTOR BRAVO, for all relevant time periods, was a resident of New York County, New York.

6. Plaintiff, JUAN CARLOS PADILLA, for all relevant time periods, was a resident of Bronx County, New York.

7. Defendants collectively own and operate two restaurants located in Harlem, NY:

   (a) "Sexy Taco/Dirty Cash", and

   (b) "Ruby's Vintage" (together, the "Restaurants").

8. CORPORATE DEFENDANTS

(a) YOU MAKE ME FEEL LLC d/b/a SEXY TACO/DIRTY CASH is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at 1710 First Avenue #121, New York, NY 10128-4902 and principal place of business located at 161 Malcolm X Boulevard, New York, NY 10026.

(b) COUNTER CULTURE HOSPITALITY GROUP LLC d/b/a RUBY'S VINTAGE is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at 1710 First Avenue #121, New York, NY 10128-4902 and a principal place of business located at 2340 7th Avenue, New York, NY 10030.

9. Individual Defendant BRIAN K. WASHINGTON PALMER is an owner and principal of each of the Corporate Defendants. Individual Defendant exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Individual Defendant frequently visits each of the Restaurants. Individual Defendant exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to Individual Defendant directly regarding any of the terms of their employment, and Individual Defendant would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

10. Defendants operate the Restaurants as a single integrated enterprise, under the control of their owner, Individual Defendant BRIAN K. WASHINGTON PALMER. They are engaged in related activities, share common ownership and have a common business purpose. Specific facts supporting the assertion that Defendants operate as a single integrated enterprise include:

    (a) The Restaurants share common management and corporate executive leadership.

    (b) Non-exempt employees (including cooks, servers and bartenders) are interchangeable among the Restaurants, and are frequently transferred between the Restaurants by Defendants when needed.

    (c) Individual Defendant recently closed SEXY TACO/DIRTY CASH to focus energy on RUBY'S VINTAGE as a successor in interest and had multiple employees, including Plaintiff, move from SEXY TACO/DIRTY CASH to RUBY'S VINTAGE.

11. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

13. All of Defendants' Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants. Because the Restaurants share identical illegal wage and hour policies, they (and the relevant Corporate Defendants) are properly named on the basis of their outstanding liability to the Class members for whom Plaintiffs seek to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to dishwashers, cooks, busboys, runners, servers, food preparers, bartenders and bar-backs) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.

16. Furthermore, Plaintiff JUAN CARLOS PADILLA and a subclass of all FLSA Collective Plaintiffs who were tipped employees also suffered as a result of Defendants' failure to pay them the proper minimum wage. Defendants were not entitled to deduct any tip credits from the wages earned by the Tipped Subclass because they failed to satisfy all FLSA requirements for taking a tip credit. Specifically, Defendants (i) failed to provide the tip credit minimum wage, (ii) failed to provide proper notice to the Tipped Subclass that a tip credit was being claimed, (iii) failed to indicate the tip credit allowance taken on weekly wage statements given to Plaintiffs and FLSA Collective Plaintiffs, (iv) required Plaintiffs and FLSA Collective Plaintiffs to spend at least two (2) hours or twenty percent (20%) of each shift engaged in non-tipped activities, and (v) mandated tip pooling schemes without the consent of tipped employees, whereby non-tipped employees participated in the tip pool.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to dishwashers, cooks, busboys, runners, servers, food preparers, bartenders and bar-backs), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of

tipped employees comprised of servers, runners, bartenders, bar-backs and busboys ("Tipped Subclass") who also number more than forty (40).

21. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) failing to pay spread of hours premium. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Furthermore, Plaintiff JUAN CARLOS PADILLA and a subclass of all Class Members who were tipped employees also suffered as a result of Defendants' failure to pay them the proper minimum wage. Plaintiff JUAN CARLOS PADILLA and the Tipped Subclass members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL, including Defendants' (i) failure to provide the tip credit minimum wage, (ii) failure to provide notice that a tip credit was being claimed, (iii) policy of requiring Tipped Subclass members to spend two (2) hours or twenty percent (20%) of each shift engaged in non-tipped activities, and (iv) institution of tip pooling schemes without consent of tipped employees, whereby non-tipped employees participated in the tip pool.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are

experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor

Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

   d) Whether Defendants provided wage statements informing Tipped Subclass members of the amount of tip allowance taken for each payment period;

   e) Whether Defendants required Tipped Subclass members to perform non-tipped work for more than two (2) hours, or twenty percent (20%) of each shift;

   f) Whether Defendants established the tip payment structure for the Tipped Subclass without the agreement or consent of the members;

   g) Whether Defendants mandated an unlawful tip-pooling scheme whereby Tipped Subclass members were required to share tips earned with non-tipped employees;

h) Whether Defendants provided Tipped Subclass members proper notice for their claimed tip credit;

i) Whether Defendants provided to Plaintiffs and Class members annual wage notices, as required under the New York Labor Law;

j) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

k) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

l) Whether Defendants properly compensated Plaintiffs and Class members overtime premiums for all hours worked in excess of forty (40) under state and federal law; and

m) Whether Defendants paid Plaintiff and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

27. Plaintiff VICTOR BRAVO

    (a) In or around August 2016, Plaintiff VICTOR BRAVO was hired by Defendants to work as a cook at Defendant's "SEXY TACO/DIRTY CASH" Restaurant, located at 161 Malcolm X Boulevard, New York, NY 10026. Plaintiff VICTOR BRAVO was also required to cook when needed at Defendants other location "RUBY'S VINTAGE" located at 2340 7th Avenue, New York, NY 10030. In or around March 2019, Defendant's "SEXY TACO/DIRTY CASH" Restaurant closed and Plaintiff VICTOR BRAVO started working at Defendants "RUBY'S VINTAGE".

10

(b) Throughout his employment by Defendants, Plaintiff VICTOR BRAVO was scheduled to work from 9:00am to closing, which was anywhere from 9:00pm to 12:00am, for six (6) days per week. Pursuant to Plaintiff VICTOR BRAVO, he worked a total of approximately seventy two (72) to ninety (90) hours per week.

(c) From in or around August 2016, Plaintiff VICTOR BRAVO's straight time base hourly wage was twelve ($12.00) dollars per hour, including overtime. From June 2017, Plaintiff VICTOR BRAVO's straight time base hourly wage was fourteen ($14.00) dollars per hour, including overtime. From on or about January 2018, Plaintiff VICTOR BRAVO's straight time base hourly wage was sixteen ($16.00) dollars per hour, including overtime.

(d) From August 2016 to August 2018, Plaintiff VICTOR BRAVO was paid by check for the first forty (40) hours and then was paid in cash for any hours worked in excess of forty (40). Starting from August 2018, Plaintiff VICTOR BRAVO was paid in cash.

(e) Starting from approximately August 2018, Defendants started withholding one hundred and forty ($140.00) dollars per week from Plaintiff VICTOR BRAVO for tax purposes, but when Plaintiff VICTOR BRAVO received his W2 form he noticed that nothing was reported withheld.

28. Plaintiff JUAN CARLOS PADILLA

(a) On or about September 23, 2018 Plaintiff JUAN CARLOS PADILLA was hired by Defendants to be a bartender at Defendants' "SEXY TACO/DIRTY

11

CASH" Restaurant, located at 161 Malcolm X Boulevard, New York, NY 10026.

(b) At the start of his employment by Defendants, Plaintiff JUAN CARLOS PADILLA was scheduled to work from 3:00pm to 12:00am for five (5) days per week. In or about January 2019, Plaintiff JUAN CARLOS PADILLA was scheduled to work from 3:00pm to 12:00am for three (3) days a week and 11:00am to 5:00pm one (1) day a week.

(c) Throughout Plaintiff JUAN CARLOS PADILLA's employment, Defendants paid Plaintiff below the Federal and New York State minimum wage. Specifically, throughout Plaintiff JUAN CARLOS PADILLA's employment with Defendants, Plaintiff was paid in tips only, with no base hourly wage.

(d) On or about February 26, 2019, Plaintiff JUAN CARLOS PADILLA received seven (7) checks from Defendant, supposedly for wages from January 2019 to February 27, 2019. However, upon examination of the checks Plaintiff JUAN CARLOS PADILLA discovered that the hours listed were incorrect, the hourly wage listed was less than the federal or state tip credit minimum wage, and the tip credit taken by Defendants was more than legally permitted.

(e) Plaintiff JUAN CARLOS PADILLA was also required to participate in an invalid tip pool whereby another bartender, who was the manager on Fridays, participated and received a higher share of the tip pool as a result of the managerial position.

(f) Plaintiff JUAN CARLOS PADILLA also spent at least 20% of his shift doing non-tipped acts, including taking inventory of the liquor and performing general porter work.

29. Plaintiffs, FLSA Collective Plaintiffs, and Class members regularly worked hours in excess of forty (40), but Defendants unlawfully failed to pay Plaintiffs, the FLSA Collective Plaintiffs, and Class Members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours worked in excess of forty (40).

30. Plaintiff VICTOR BRAVO and Class members regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff VICTOR BRAVO and Class members the spread of hours premium for workdays that exceeded ten hours in length.

31. Plaintiff JUAN CARLOS PADILLA, a subclass of the FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respects to Plaintiff JUAN CARLOS PADILLA, a subclass of the FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) claimed a tip credit in excess of the

statutory amount permissible, (vii) failed to accurately track daily tips earned or maintain records thereof, (viii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (ix) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

32. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA minimum wage or the New York State minimum wage, and the proper overtime premium thereof, to the Tipped Subclass members due to an invalid tip credit allowance.

33. Defendants unlawfully failed to pay Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked in excess of forty (40) each workweek.

34. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL

35. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage notices or proper wage statements as required by NYLL. Plaintiffs and Class members received fraudulent wage statements that reflected only their scheduled hours, and not the actual hours worked. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed in each pay period or the hourly amount of tip credit claimed on the wage statements provided.

36. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

37. Plaintiffs reallege and reaver Paragraphs 1 through 36 of this Class and Collective Action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

41. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to the Tipped Subclass for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

42. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

43. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and an equal amount as liquidated damages.

47. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS**

48. Plaintiffs reallege and reaver Paragraphs 1 through 47 of this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

50. Defendants willfully violated Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

51. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

52. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them their spread of hours premium for each workday that exceeded ten (10) or more hours.

53. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the New York Labor Law.

54. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

55. Defendants failed to provide proper wage statements with correct payment as required by New York Lab. Law § 195(3).

56. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime premium, unpaid spread of hours premium, damages for unreasonably delayed payments,

reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, and compensation for all hours of work, pursuant to the New York Labor Law;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

k. Designation of this action as a Class Action pursuant to F.R.C.P. 23;

l. Designation of Plaintiffs as Representatives of Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.

Dated: April 23, 2019

                                                    Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee (CL 4086)